IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cecil Fitzgerald Jamison, | C/A No. 5:11-2246-RBH-PJG |
| Plaintiff, | |
| v. | |
| Commander A. Craft; Sargent L. Paige; Detective D. Johnson; RSO Pelzer; S.O. Ricahards, *in their individual and official capacities*, | **REPORT AND RECOMMENDATION** |
| Defendants. | |

The plaintiff, Cecil Fitzgerald Jamison ("Jamison"), who is self-represented, brought this action seeking relief pursuant to 42 U.S.C. § 1983. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on motions filed by Jamison for injunctive relief. (ECF Nos. 21 & 33.) The defendants filed a response in opposition. (ECF No. 24.)

"Preliminary injunctions are not to be granted automatically." Wetzel v. Edwards 635 F.2d 283, 286 (4th Cir. 1980). A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F. 3d 342, 346-47 (4th Cir. 2009), vacated on other grounds, 130 S. Ct. 2371 (2010), reissued in part, 607 F.3d 355 (4th Cir. 2010), overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir.

1977).[1] A plaintiff must make a *clear showing* that he is likely to succeed on the merits of his claim. Winter, 555 U.S. at 22; Real Truth, 575 F.3d at 345-46. Similarly, he must make a *clear showing* that he is likely to be irreparably harmed absent injunctive relief. Winter, 555 U.S. at 20-22; Real Truth, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the plaintiff's favor. See Real Truth, 575 F.3d at 346-47.[2] Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. Real Truth, 575 F.3d at 347 (quoting Winter, 555 U.S. at 24).

In his first motion, Jamison seeks an order for the defendant to return certain property which was confiscated at the time of Jamison's arrest and during a subsequent search of a vehicle. (ECF No. 21.) The defendants respond that on June 2, 2011, Jamison pled guilty to receiving stolen goods with a value greater than $2,000 but less than $10,000. Further, while the defendants state that a "significant amount of personal property was seized from the vehicle and from the personal possession of the plaintiff," much of it was identified and returned to its owners. (ECF No. 24.) The defendants state that the only personal property remaining in their possession is one wallet with Jamison's identification, one set of keys, one road bicycle, four cell phones, and one passport. Further, the defendants indicate that they will return the wallet, identification, and set of keys immediately, and return the bicycle and cell phones upon proper proof of ownership. The defendants

---

[1] The portions of Real Truth that were reissued by the United States Court of Appeals for the Fourth Circuit are Parts I and II found at 575 F.3d at 345-47, which are the sections addressing injunctions that are relied upon in the court's Report and Recommendation.

[2] Based on Winter, the Real Truth Court expressly rejected and overruled Blackwelder's sliding scale approach, which allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. Real Truth, 575 F.3d at 347; Winter, 555 U.S. at 22.



object to returning the passport as it does not belong to Jamison. Jamison has not replied to these statements.

Based on the record currently before the court, Jamison has not satisfied the required elements for a preliminary injunction and has failed to demonstrate that these circumstances warrant the extraordinary remedy he seeks.[3] Moreover, the defendants appear to agree to return Jamison's property to him. Accordingly, the court recommends that the plaintiff's motion (ECF No. 21) be denied.

Jamison's second motion appears to seek an order from the court compelling the Campbell Pre-Release Center to allow Jamison access to a law library. (ECF No. 33.) Because the relief Jamison appears to seek is injunctive in nature, the court will treat this motion as seeking a preliminary injunction. Jamison is seeking injunctive relief from the Campbell Pre-Release Center, where he is currently housed; however, this entity is not a party to this action. See Fed. R. Civ. P. 65(a). Because the relief sought by Jamison cannot properly be obtained from the defendants in this matter, the court recommends that the plaintiff's motion (ECF No. 33) be denied.

## RECOMMENDATION

Accordingly, the court recommends that Jamison's motions (ECF No. 21 & 33) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 17, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[3] The court also observes that Jamison may have adequate post deprivation remedies under state law if the defendants fail to return personal property.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).