IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cecil Fitzgerald Jamison, | C/A No. 5:11-2246-RBH-PJG |
| Plaintiff, | |
| v. | |
| Commander A. Craft; Sargent L. Paige; Detective D. Johnson; RSO Pelzer; S.O. Ricahards, *in their individual and official capacities*, | REPORT AND RECOMMENDATION |
| Defendants. | |

The plaintiff, Cecil Fitzgerald Jamison ("Jamison"), who is self-represented, brought this action seeking relief pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment. (ECF No. 42.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Jamison of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 44.) Jamison filed a response in opposition. (ECF No. 64.) Having reviewed the parties' submissions and the applicable law, the court finds that the defendants' motion should be granted.

**BACKGROUND**

Jamison's Complaint alleges that the defendants violated his right to be free from illegal searches and seizures, that they used false information in obtaining a search warrant, and that they have failed to return his seized property. In support of these claims, Jamison's Complaint alleges

the following. On December 24, 2010, Jamison was stopped by Defendant Pelzer, an officer of the South Carolina State University Police Department, and was joined by Defendant Paige. After challenging their authority, Jamison ultimately provided the officers with his identification and complained that he was being held against his will. After discovering that Jamison had outstanding warrants for his arrest, the officers took him into custody. While alone in a room, Jamison states that he used his "other cell phone" to contact a friend. He instructed his friend on where to find a spare key to his car and requested that she retrieve the car as well as some "very important items," including $3,000 in currency and $2,100 in jewelry.[1]

Upon questioning by Defendant Paige, Jamison stated that he was not driving a vehicle, at which point Paige retrieved Jamison's keys from his pocket that included a car key. Defendant Paige ultimately discovered the other cell phone and confiscated it. Jamison alleges that Defendants Paige and Craft began dialing recent calls on his phone. He further alleges that Defendant Craft instructed Defendant Paige to search the vicinity for a Saturn or Volkswagen car.[2]

Jamison alleges that his father was not permitted to retrieve his personal property or his car after his bond hearing. Finally, he contends that the defendants were without authority to arrest him and tow his car. Jamison seeks monetary damages and the return of his property.[3]

---

[1] Jamison alleges that these items, as well as his 2001 Saturn car and other items, are currently missing, and that all of the defendants were responsible for their disappearance.

[2] The defendants have presented evidence that while Jamison was being detained, they towed the 2001 Saturn vehicle that matched Jamison's car key. Further, on December 30, 2010, the defendants sought and obtained a search warrant for the vehicle.

[3] Jamison also appears to seek criminal charges against the defendants. However, as the court explained in a prior order, such relief is not available. See Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution.").



In support of their motion for summary judgment, the defendants have submitted Defendant Pelzer's statement, incident reports, warrants, victim affidavits, Jamison's property inventory from the search incident to the arrest and the search of the vehicle, and the sentencing sheet indicating that Jamison entered an Alford[4] plea to receiving stolen goods. These records indicate that Defendant Pelzer stopped Jamison behind a South Carolina State University building around noon on December 24, 2010. Defendant Pelzer observed Jamison carrying a coat with something wrapped in it, and after asking Jamison whether he was a student and why he was behind the Felton Laboratory School building, he requested Jamison's identification. After Jamison responded that he did not have identification, Defendant Pelzer requested that dispatch send another unit to his location. Defendant Paige arrived and, after ultimately receiving Jamison's identification, discovered that Jamison had an outstanding warrant for his arrest. Defendant Paige placed Jamison under arrest and transported him to the University police complex. Defendant Pelzer continued his patrol and approximately three minutes later observed a suspicious green Saturn with numerous items inside.

After unsuccessfully attempting to contact the owner reflected in the records of the South Carolina Department of Motor Vehicles, the defendants determined that the keys in Jamison's possession matched the green Saturn. The defendants then photographed the contents of the vehicle that were in plain sight and had the vehicle towed. On December 30, 2010, Defendant Craft obtained a search warrant for the vehicle. Defendant Craft attested that he was investigating a rash of on-campus burglaries occurring between September and December 2010, and that Jamison had an outstanding warrant for receiving stolen goods for attempting to sell a trumpet that was reported stolen from the Fine Arts building. Further, Defendant Craft stated that when Jamison was arrested,

---

[4] See North Carolina v. Alford, 400 U.S. 25 (1970).

a search revealed that Jamison was in possession of Saturn car keys and that a Saturn was located with a flute, computer screens, musical mixer board, microphone stand, and other items in plain view. The search warrant directed the South Carolina State University Police to search the green 2001 Saturn vehicle and to seize photographs, latent fingerprints, firearms, weapons of any kind, tools of a crime and anything which appeared to be evidence connected to a successful burglary or illegal activities. The car was searched on January 4, 2011, and an inventory of the property taken pursuant to the warrant was completed.

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the

entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.   Defendants' Motion for Summary Judgment**

The defendants argue that they are entitled to summary judgment in this matter, arguing that there was probable cause to arrest Jamison based on an outstanding arrest warrant and that there was probable cause to search his vehicle after obtaining a search warrant.

The Fourth Amendment provides "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. It is well settled that a search of the person of the arrestee incident to a lawful arrest is a an exception to the warrant requirement of the Fourth Amendment. United States v. Robinson, 414 U.S. 218, 224

*PJG*

(1973). To the extent that Jamison is challenging the search of his person after his arrest, it is undisputed that Jamison was arrested pursuant to an outstanding arrest warrant, and Jamison has not challenged the validity of the outstanding warrant for his arrest.

With regard to the search of Jamison's vehicle, "[g]enerally, to satisfy the Fourth Amendment's reasonableness requirement, a search or seizure must be 'accomplished pursuant to a judicial warrant issued upon probable cause.'" Temple v. Johnson, C/A No. 3:09-2655-MBS-JRM, 2010 WL 5136217 (Nov. 8, 2010 D.S.C.) (Report & Recommendation) (quoting Skinner v. Railway Labor Executives' Ass'n, 489 U.S. 602, 619 (1989)). In this case, the defendants have demonstrated that Jamison's vehicle was searched and items were seized pursuant to a search warrant issued December 30, 2010. Jamison's general statements that the defendants used false information in obtaining the search are unsupported and insufficient to refute the defendants' evidence that this warrant was supported by probable cause and that the items seized were within the scope of the warrant.

Finally, Jamison claims that the defendants have failed to return his personal property. This allegation fails to rise to the level of a constitutional violation, as he has a meaningful post-deprivation remedy available under state law. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Mora v. City of Gaithersburg, Md., 519 F.3d 216, 230-31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition from the plaintiff); Bogart v. Chapell, 396 F.3d 548, 561-63 (4th Cir. 2005) (finding that intentional destruction of the plaintiff's animals did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for the loss of animals).

## C. Other Allegations

To the extent that Jamison's Complaint may be construed to allege any other causes of action, the court finds that Jamison has failed to plead sufficient facts to state a plausible claim. See Ashcroft v. Iqbal, 556 U.S. 662 (2009). Additionally, Jamison's response in opposition to summary judgment appears to contain additional allegations that were not raised in his Complaint.[5] Further, Jamison has not filed a proper motion to amend his Complaint to include any additional claims. Accordingly, these claims are not properly before the court. See, e.g., Bridgeport Music, Inc. v. WM Music Corp., 508 F.3d 394, 400 (6th Cir. 2007) (holding that a party may not expand its claims to assert new theories in response to summary judgment); White v. Roche Biomedical Labs., Inc., 807 F. Supp. 1212, 1216 (D.S.C. 1992) (noting that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment").

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motion for summary judgment be granted. (ECF No. 42.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 17, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[5] For example, Jamison appears to allege that the defendants conducted a unconstitutional search and seizure of his vehicle on December 24, 2010.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).