IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Cecil Fitzgerald Jamison, ) | Civil Action No.: 5:11-cv-02246-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Commander A. Craft; Sargent L. Paige; ) | |
| Detective D. Johnson; RSO Pelzer; S.O. ) | |
| Ricahards, *in their individual and official* ) | |
| *capacities*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Cecil Fitzgerald Jamison ("Plaintiff"), a self-represented inmate housed at the South Carolina Department of Correction's ("SCDC's") Campbell Pre-Release Center, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint alleges that Defendants violated his right to be free from illegal searches and seizures, that they used false information in obtaining a search warrant, and that they have failed to return his seized property.[1]

This matter is before the Court after the issuance of two Reports and Recommendations ("R&Rs") of United States Magistrate Judge Paige J. Gossett[2] [R&Rs, Docs. # 66, 67.] In the first R&R, the magistrate recommends that the Court deny the Motion for Preliminary Injunction [Doc. # 21] and Motion to Compel [Doc. # 33] filed by Plaintiff. [*See* Injunction R&R, Doc. # 66.] In the second R&R, the magistrate recommends that the Court grant Defendants' Motion for Summary Judgment [Doc. # 42]. [*See* Summary Judgment R&R, Doc. # 67.] Plaintiff filed, in a single

---

[1] The facts of this case are discussed more thoroughly in the magistrate's Summary Judgment R&R. [*See* Summary Judgment R&R, Doc. # 67, at 1–8.]

[2] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Gossett for pretrial handling.

document, objections to the R&Rs on September 5, 2012. [Obj., Doc. # 71.] For the reasons discussed herein, the Court adopts the magistrate's R&Rs.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The district court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins*. Co., 416 F.3d 310 (4th Cir.2005).

## **Discussion**

The Court reiterates that it may only consider objections to the R&R that direct this Court to a specific error. *See* Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and

recommendation." *Orpiano*, 687 F.2d at 47. Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). In the two pages submitted by Plaintiff as his "objections," Plaintiff merely recounts the motions filed in the case and discusses discovery problems which were not at issue in the pending R&Rs. Plaintiff has put forward absolutely no information about, or legal authority discussing, whether the magistrate erred in her findings related to Plaintiff's Motion for Injunction and Motion to Compel, or to Defendants' Motion for Summary Judgment.

In light of Plaintiff's failure to assert any specific objections to the Report and Recommendation, this Court is not required to respond to his general statements regarding discovery issues that are irrelevant to the R&Rs because "a district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report." *See Monahan v. Burtt*, No. CIVA 205-2201-RBH, 2006 WL 2796390, at *9 (D.S.C. Sept. 27, 2006) (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988)). Further, to the extent Plaintiff's objections are sufficient enough to warrant *de novo* review, this Court has reviewed the magistrate's R&Rs *de novo* and finds Plaintiff's objections without merit.

The vast majority of Plaintiff's so-called objections discuss documents and other requested production that, if received, would allegedly support his case. [*See* Obj. Doc. # 71, at 1–2.] However, this discovery formed the basis of a previously-filed Motion for Production, which was denied by the magistrate in May 2012. [*See* Mot. For Production, Doc. # 52; Obj., Doc. # 71; Text Order, Doc. # 55.] To the extent Plaintiff is arguing that he needed the requested documents to prove his case, the magistrate properly denied his motion for production as premature and advised Plaintiff

that he could seek such documents through the discovery process, and then file a motion to compel[3] if he was dissatisfied with those results. [*See* Text Order, Doc. # 55.] In the three months that followed, Plaintiff never filed a motion to compel. Further, as the magistrate thoroughly discussed in her Summary Judgment R&R, Defendants were entitled to summary judgment because Defendants showed that they were entitled to judgment as a matter of law and that there was no genuine dispute as to any material fact. [*See* Summary Judgment R&R, Doc. # 67, at 4–7.]

### **Conclusion**

The Court has thoroughly analyzed the entire record, including the relevant filings, R&Rs, objections to the R&Rs, and applicable law. The Court has further conducted the required review of all of Plaintiff's objections and finds them without merit. For the reasons stated above and by the magistrate, the Court hereby overrules all of Petitioner's objections and adopts the magistrate's R&R [Doc. # 66] recommending that the Court deny the Motion for Preliminary Injunction and Motion to Compel filed by Plaintiff, and adopts the magistrate's R&R [Doc. # 67] recommending that the Court grant Defendants' Motion for Summary Judgment.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Preliminary Injunction [Doc. # 21] and Plaintiff's Motion to Compel [Doc. # 33] are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment [Doc. # 42] is **GRANTED**, and this case is **DISMISSED**, *with prejudice,* in its entirety.

---

[3] The Motion to Compel at issue in the Injunction R&R was filed much earlier in the case and requested that the Court require the Campbell Pre-Release Center to allow Plaintiff access to the law library. [*See* Mot. To Compel, Doc. # 33, at 1–4.] As the magistrate correctly held in her Injunction R&R, and to which Plaintiff filed no discernable objections, the relief sought by Plaintiff in his Motion to Compel cannot properly be obtained as Plaintiff seeks to compel an entity not a party to this action. [*See* Injunction R&R, Doc. # 66, at 3.]

**IT IS SO ORDERED**.

                                                    s/ R. Bryan Harwell
                                                    R. Bryan Harwell
                                                    United States District Judge

Florence, South Carolina
September 7, 2012